| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Barbara Lanning<br>Task Force Officer: Bradley Tobel | Telephone: (313) 226-9103<br>Telephone: (313) 202-3400 | |

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br>Jerry Harvey | Case: 2:24−mj−30222<br>Assigned To : Unassigned<br>Assign. Date : 6/7/2024<br>Description: RE: JERRY HARVEY (EOB) |

Case No.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 5, 2024__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Bradley Tobel, Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: June 7, 2024

_____
Judge's signature

City and state: Detroit, MI

Hon. David R. Grand, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Bradley Tobel, being duly sworn, depose and state the following:

## I. INTRODUCTION

1.   I am a Police Officer with the Detroit Police Department and a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I have been employed as a police officer with the Detroit Police Department since April 2016. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered to conduct investigations and make arrests of offenses enumerated under federal law. I am currently assigned to the ATF Detroit Field Division's Firearms Investigations Team (FIT).

2.   I have received extensive training at and successfully graduated from the Detroit Police Training Academy as a Police Officer. As a Detroit Police Officer, I have worked in specialized units including the DPD 9th Precinct Detective Bureau, and 9th Precinct Special Operations Unit. During my time in law enforcement, I have participated in numerous criminal investigations involving firearms crimes, armed drug tracking violations, and offenses by criminal street gangs, among others.

3.   I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or other law enforcement agents, communications with others who have personal

knowledge of the events and circumstances described herein, review of reports by myself and/or other law enforcement agents, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the information known to law enforcement related to this investigation.

    4.    The ATF is currently conducting a criminal investigation concerning Jerry HARVEY, for violations of 18 U.S.C. § 922(g)(1) as a felon in possession of a firearm.

## II. PROBABLE CAUSE

    5.    I reviewed records related to HARVEY's criminal history and learned the following:

        a.    On May 7, 1992, HARVEY pleaded guilty to one count of possession of cocaine or other narcotic less than 25 grams. July 7, 1992, HARVEY was sentenced to two years of probation. HARVEY violated probation multiple times and on September 18, 1995 was resentenced to two to four years' incarceration with the Michigan Department of Corrections.

        b.    On or about August 7, 1996, HARVEY was found guilty of one count of carjacking and one count of felony firearm in the Third Judicial Circuit Court, Wayne County. On or about August 27,

      1996, HARVEY was sentenced to one to ten years' incarceration with the Michigan Department of Corrections, consecutive to two years' incarceration for the count of felony firearm;

  c. On July 16, 2012, HARVEY was federally indicted in the United States District Court, Minnesota. HARVEY was charged with one count of conspiracy to distribute 100 grams or more of heroin, one count of distributing heroin, and one count of felon in possession of a firearm. On April 9, 2013, HARVEY pleaded guilty to guilty to one count of distributing heroin, in violation of 21 U.S.C. §§ 841(a)(1). HARVEY was sentenced to 90 months' incarceration, followed by three years of supervised release;

 6. Based on my training and experience, defendants are warned of the maximum penalty when they enter a plea of guilty to a felony. Additionally, defendants are advised that they are pleading guilty to a felony. Based on the number of HARVEY's convictions, the time he has spent incarcerated or under supervision as a result of those convictions, and the fact that HARVEY has previously been charged with the offense of felon in possession of a firearm, there is probable cause to believe that HARVEY is aware of his status as a convicted felon.

 7. On June 5, 2024, at approximately 11:45 p.m., DPD officers were

traveling on Ohio Street, near Orangelawn in Detroit, Eastern District of Michigan. Officers observed Jerry HARVEY and a female walking together. HARVEY and the female drew the officers' attention because they were walking in the street, instead of on the sidewalk. Officers circled the block and when they were near Ohio Street and Elmira Street, they again saw HARVEY and the female.

8. The officers drove alongside HARVEY, who was wearing a white tank top style undershirt and light-colored sweatpants. One of the officers observed a weighted object in HARVEY's front waistband and saw what appeared to be the imprint of the handle of a handgun underneath his tank top, near his waist. One of the officers asked HARVEY what he had underneath his shirt. HARVEY did not respond. The officers stopped the car to investigate HARVEY for carrying a concealed weapon.

9. The officers got out of the car and approached HARVEY, shining their flashlights on him as they approached him. One of the officers patted HARVEY's waist area—where the officers observed what appeared to be the handle of a firearm—and asked if he had a CPL. HARVEY initially stated that he did have a CPL, but he was unable to produce it. The officer recovered a loaded Smith and Wesson, .357 Magnum revolver from a waistband holster inside the front of HARVEY's sweatpants.

10. A LEIN check revealed HARVEY did not have a Concealed Pistol

4

License. HARVEY was arrested for felony carrying a concealed weapon.

11. On June 6, 2024, I contacted ATF Interstate Nexus Expert, Special Agent Jimmy Pharr, and provided information about the Smith and Wesson, .357 caliber, model 649 handgun. SA Pharr concluded that the firearm was manufactured outside the State of Michigan and is a firearm as defined in Title 18 U.S.C., Chapter 44, Section 921(a)(3).

## II.  CONCLUSION

12. Probable cause exists to believe that on June 5, 2024, Jerry HARVEY knowingly possessed a firearm after having been convicted of a felony offense in violation of Title 18 U.S.C. Section 922(g)(1). This violation occurring within the Eastern District of Michigan.

_____
Bradley Tobel, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and signed in my presence
and/or by reliable electronic means

_____
Honorable David R. Grand
United States Magistrate Judge

Dated:  June 7, 2024

5